# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LETITIA M. JOHNSON,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|    vs. ) | Case No. 11 C 677 |
| ) | Judge Joan H. Lefkow |
| **JANET NAPOLITANO, Secretary,** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
|    **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

On January 31, 2011, plaintiff Letitia M. Johnson, a female African-American security screener for the Transportation Security Administration ("TSA"), filed a two-count *pro se* complaint against Janet Napolitano, Secretary of the United States Department of Homeland Security ("DHS"), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, for failing to promote her to the position of lead security screener in May 2004.[1] In lieu of filing an answer, the government moved for summary judgment arguing that Johnson failed to exhaust her administrative remedies, which is the motion currently pending before the court. For the reasons set forth herein, defendant's motion for summary judgment (#25) will be granted.

---

[1] Johnson made a subsequent informal discrimination complaint to the TSA's Office of Civil Rights and Liberties ("OCRL") related to her April 16, 2007 termination (Complaint No. HS-07-TSA-001786). This is not the complaint number referenced in her pleadings, and it is not the adverse employment action set forth in her complaint. (*See* Compl. at 4 of 14 (listing Johnson's 2004 OCRL complaint (erroneously numbered HS-04-TSA-001123 instead of HS-04-TSA-001133) as the basis for her current claims.) Although she references documents related to her 2007 termination, the court does not read the complaint to encompass any claims arising from this action.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(e) & advisory committee notes (1963 amend.) The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598–99. While the court must construe all facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), where a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex Corp.*, 477 U.S. at 323–24.

## COMPLIANCE WITH LOCAL RULE 56.1

As an initial matter, the court must address Johnson's compliance, or lack thereof, with Northern District of Illinois Local Rule 56.1  The Local Rules provide detailed instructions as to how litigants should prepare their summary judgment motions and responses.  Pursuant to Local Rule 56.1(a), a party seeking summary judgment must file with its brief a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a)(3).  Local Rule 56.1(a) establishes that the statement of material facts must "consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."  Part (b) of Local Rule 56.1 requires the party opposing summary judgment to file a concise response to the movant's statement of material facts.  That statement is required to include a response to each numbered paragraph in the moving party's statement, including in the case of any disagreement, "specific references to the affidavits, parts of the record, and other supporting materials relied upon."  The rule is very clear that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party."  L.R. 56.1(b)(3)(C).  Although the court is required to give liberal construction to *pro se* pleadings, *pro se* litigants are not excused from compliance with procedural rules, including those governing motions for summary judgment.  *Pearle Vision, Inc.* v. *Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Johnson appears to have attempted to comply with Local Rule 56.1 by submitting an unsworn and unsigned[2] "declaration of Letitia Johnson Statement of Facts" with numbered paragraphs that generally relate to the corresponding paragraphs in the government's statement of facts. Johnson did not, however, explicitly admit or deny each fact, and her responses contained few (if any) references to supporting materials in the record. In addition, her "declaration" contained additional facts, which were not set forth in a separate statement of additional facts and were not supported with appropriate citations to the record. Moreover, those documents that Johnson did submit in support of her "declaration" are largely irrelevant to her claims.[3] For these reasons, the court deems the facts contained in the government's statement of facts to be admitted and declines to consider the additional facts asserted by Johnson in her "declaration." *See, e.g., Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."); *McGuire* v. *United Postal Serv.*, 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraphs with citations to supporting evidence in the record constitutes an admission.").

**BACKGROUND**

The following facts are taken from the government's Local Rule 56.1 statement of facts and related exhibits. Johnson was employed by the TSA as a security screener at O'Hare Airport beginning in August 2002. At that time, Johnson received an orientation packet as part of the

---

[2] Johnson's "declaration" is not admissible as such under 28 U.S.C. § 1746 because it is not signed under penalty of perjury.

[3] For example, Johnson submitted documents related to her April 16, 2007 termination and TSA policies, none of which appear to be relevant to her 2004 non-promotion.

4

TSA's new employee orientation, which included information on how to file an Equal Employment Opportunity (EEO) claim. The orientation packet explicitly stated that "[e]mployees who believe they have been subjected to discrimination should contact an EEO Counselor within 45 days of the event." (Def. SOF Ex. E.) Additionally, beginning in at least November 2002 and through 2005, EEO informational posters were displayed in all TSA employee areas at O'Hare Airport. The posters listed the applicable time limits for filing an EEO claim, including the requirement that employees contact an EEO counselor within 45 days of the alleged discriminatory conduct. In 2004, Johnson applied for a position as a lead security screener but was not selected in the first round of promotions. She learned about her non-selection no later than June 10, 2004.[4] Johnson failed to make initial contact with an EEO counselor in the TSA Office of Civil Rights and Liberties ("OCRL") until August 30, 2004 (81 days after receiving notice of her non-selection). On November 22, 2004, the EEO counselor conducted a final interview with Johnson and informed her that no resolution was obtained. Johnson submitted a formal EEO complaint on December 4, 2004. DHS issued a final agency decision dated July 28, 2010 dismissing Johnson's formal complaint on the ground that it was untimely because she failed to contact an EEO counselor within 45 days of her non-selection. Johnson timely filed her complaint in this court on January 31, 2011.

---

[4] In September 2004, Johnson was selected as a lead security screener in the second round of promotions.

**ANALYSIS**

**I.      Whether Johnson failed to exhaust her administrative remedies**

Federal employees asserting Title VII discrimination claims must first exhaust their administrative remedies before filing suit in federal court. *See Ester* v. *Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). One administrative remedy a federal employee must pursue is to contact an EEO counselor within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."). It is undisputed that Johnson failed to contact an EEO counselor within the time period proscribed by § 1614.105(a)(1). Her complaint must therefore be dismissed as untimely unless she can show that waiver, estoppel or tolling apply.

**II.     Whether waiver, estoppel or tolling apply**

Failure to meet the 45-day administrative deadline is not fatal to Johnson's claims if she can establish that waiver, estoppel or tolling apply. *See Zachary* v. *Trasport. Sec., Admin.*, No. 10 C 8308, 2012 WL 45401, at *3 (N.D. Ill. Jan. 5, 2012). The burden is on Johnson to provide evidence and legal argument demonstrating that one of these three doctrines applies. *See id.*

**A.      Waiver**

The Seventh Circuit has held that "when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit." *Ester*, 250 F.3d at 1071–72. On July 28, 2010, DHS procedurally dismissed Johnson's claim as untimely. (*See* Def. SOF Ex. I.) The government, therefore, has not waived this

defense. *See Ester*, 250 F.3d at 1072 n.1 ("[T]he agency is free to find the complaint untimely, and nonetheless proceed to address the merits of the case.").

**B.     Estoppel**

Nor can Johnson demonstrate that the doctrine of estoppel excuses her failure to timely file her administrative complaint. "Equitable estoppel applies only if the employer took 'active steps' to prevent the plaintiff from filing a discrimination charge on time." *Jackson* v. *Potter*, 240 F. App'x 136, 139 (7th Cir. 2007) (citations omitted). The plaintiff "must also establish that she actually and reasonably relied on the employer's conduct or misrepresentation." *Id.* Johnson has not alleged that DHS actively misled her in anyway and as such, the government is not estopped from presenting its failure to exhaust defense. *See id.* (affirming dismissal of Title VII claim as untimely where plaintiff "did not show she was actively misled about the applicability of the Postal Service's EEO policies to her as a casual employee").

**C.     Tolling**

Johnson argues that the time for initiating her EEO complaint should be tolled because she was unaware of the 45-day deadline. She also states that she needed additional time (approximately 20 days as the court reads the complaint) to compile the relevant information. Finally, she notes that she had emergency surgery on July 19 or 20, 2004 and was incapacitated for four weeks, further delaying the filing of her EEO complaint. None of these reasons, however, are sufficient to toll Johnson's claims.

**i.     Tolling under § 1614.105(a)(2)**

Under the relevant provisions of 29 C.F.R. § 1614.105(a)(2), the agency shall extend the 45-day time limit when (1) the individual shows that he or she was not notified of the time limits

and was not otherwise aware of them; or (2) that despite due diligence the individual was prevented by circumstances beyond his or her control from contacting the counselor within the time limits.

Johnson first argues that she was unaware of the 45-day filing deadline. As a result of her non-compliance with Local Rule 56.1, however, Johnson has admitted that she received a copy of the TSA orientation packet in August 2002, which included information on how to file an EEO complaint. She has also admitted that beginning in at least November 2002 and through 2005, EEO informational posters were displayed in all TSA employee areas at O'Hare Airport where she worked. The court concludes that these facts are sufficient to demonstrate that Johnson received notice that was reasonably geared to inform her of the 45-day deadline to initiate a complaint. *See Johnson* v. *Runyon*, 47 F.3d 911, 918 (7th Cir. 1995); *see also Clark* v. *Runyon*, 116 F.3d 275, 277 n.3 (7th Cir. 1997) (affirming district court's holding that plaintiff received notice of 45-day deadline and stating that where posters giving notice of the 45-day time limit were displayed, "[t]estimony to the effect that [the plaintiff] and her coworkers 'did not see' the EEO notices is not by itself sufficient to establish that the notices were not, in fact, posted"); *Galinato* v. *Cisneros*, No. 95 C 1804, 1995 WL 441632, at **2–3 (N.D. Ill. June 20, 1995) (finding no genuine issue of material fact regarding plaintiff's receiving notice of the then 30-day deadline where the defendant established internal employee bulletin boards on each floor and in the personnel office devoted exclusively to information about EEO counseling programs).[5]

---

[5] To be fair, the government's evidence on this issue is not ironclad. The orientation packet that it submitted as evidence is dated August 22, 2002, four days after Johnson acknowledged receiving the packet, and the government has not submitted a copy of the EEO posters that were displayed during

(continued...)

The court similarly finds no merit in Johnson's other reasons for delay. Although she states that she needed more time to compile the relevant information, and that an unexpected surgery prevented her from contacting an EEO counselor on time, she has presented no admissible evidence to support these claims. *See, e.g., Jackson*, 240 F. App'x at 139 (affirming summary judgment for employer where plaintiff's "only evidence" was "her own self-serving and unsupported affidavit, which is insufficient to overcome summary judgment"); *Smith*, 321 F.3d at 683 ("[A] mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material."). As such, Johnson has failed to demonstrate that § 1614.105(a)(2) tolls the filing of her initial complaint.

### ii. Equitable Tolling

The same conclusion holds true for any possible equitable tolling claim. Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada* v. *Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). A review of the admissible evidence demonstrates that there was nothing preventing Johnson, through the exercise of due diligence, from contacting an EEO counselor within the required 45-days.

---

(...continued)
Johnson's employment. Nevertheless, because Johnson has failed to submit any admissible evidence on this point, she cannot demonstrate a genuine issue of material fact for trial.

**ORDER**

The motion of defendant Janet Napolitano for summary judgment (#25) is granted. The clerk is directed to place exhibit 2 at page 2 of 5 to plaintiff's response (Dkt. #36-2) under seal as it contains personal identification information of plaintiff and her spouse. This case is terminated.

Because the court concludes that there is no arguably meritorious issue for appeal, leave to proceed in forma pauperis is hereby denied.

**ENTER:**

Dated: March 29, 2013

_____
JUDGE JOAN HUMPHREY LEFKOW
United States District Judge